## BEN. W. GILLEY vs. THE STATE

COURT OF APPEALS, TYLER TERM, 1883.

*Homicide in self defense.* Articles 570 and 572 of the Penal Code define the circumstances under which homicide is permissible in the necessary defense of the person; and article 573 declares that in either case, the party whose person is attacked, is not bound to retreat in order to avoid the necessity of killing his assailant.

*Same.* To prevent murder, rape, robbery, maiming, disfiuring or castration, the slayer may kill at once without resorting to other means to prevent the injury. The rule applies likewise, in preventing serious bodily injury.

*Same.* And when the attack is such as to produce a reasonable expectation and fear of death or some serious bodiby injury, the person assailed may act promptly without resorting to other means. The party assailed, however, is bound to resort to all other means save retreat, when the attack however unlawful and violent, is not such as to produce a reasonable expectation or fear of death or serious bodily injury, and the killing must take place while the person killed is in the very act of making the unlawful attack. Note the opinion for distinction between Articles 570 and 572 of the Penal Code.

*Same—Practice.* Unless an objectionable charge is excepted to, or additional charges asked, this court will not revise an erroneous charge, unless the error be of a character to prejudice the rights of the defendant.

*Same.* Where the evidence indicates only murder of the first degree the court is not required to charge upon lower grades of homicide.

Appeal from Wood County.

*Herndon & Cain* for appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

Opinion by Willson, J.

Homicide is permissible in the necessary defense of the person.

First. When inflicted for the purpose of preventing the offense of murder, rape, robbery, maiming, disfiguring, or castration. P. C. Art. 570.

Second. When inflicted for the protection of the person against any unlawful and violent attack. P. C. Art. 572.

In either case the party whose person is attacked is not bound to retreat in order to avoid the necessity of killing his assailant. P. C. Art. 573.

When the homicide is inflicted to prevent murder, rape, robbery, maiming, disfiguring, or castration, the slayer is not required to resort to any other means except killing his assailant to prevent the injury, but may kill at once. Kendall vs. The State, 8 Texas Ct. App., 559; Ainsworth vs. The State, 8 Ct. App., 532; Jordan vs. The State, 11 Ct. App., 436; King vs. The State, 13 Texas Ct. App., 277.

This rule applies also where the homicide is inflicted to prevent serious bodily injury. P. C. Art. 574.

Kendall vs. The State, 8. Texas Ct. App., 569; Hill vs. The State, 10 Texas Ct. App., 618.

If, in any case, the attack upon the person of the individual be such as produces a reasonable expectation or fear of death, or some serious bodily injury, the person so attacked may act promptly and slay his adversary, and is not required to resort to other means to avoid the injury. •

When, however, the attack made, though it be unlawful and of a violent character, yet is not such as to produce a reasonable expectation or fear of death, or of serious bodily harm, then the party assailed must resort to all other means, except retreat, for the prevention of the injury, and the killing must take place while the person killed is in the very act of making such unlawful and violent attack —otherwise the homicide will not be justifiable. P. C. Art. 571; Kendall vs. The State, 8 Texas Ct. App., 569; Jordan vs. The State, 11 Texas Ct. App., 435.

We have adverted to the distinction made by the law between these two classes of self-defense for the purpose of more particularly showing that where the attack is made with a weapon or by means or in a manner such as would be calculated to produce the result of murder, rape, robbery, disfiguring, maiming or castration, or serious bodily injury, such as might result in either of the offenses named, the party assaulted may kill his assailant without retorting to any other means to avoid the injury, and the rule prescribed by Article 572 of the Penal Code, does not apply to such a case.

It is objected in this case that the charge of the court upon self-defense is not in accordance with the law as we have above stated it. We are of the opinion that the charge fails to draw clearly and correctly the distinction between the two classes of self-defense, but applies the restrictions of Article 572 to Article 570 of the Penal Code so as to require the person assaulted in either class of cases to resort to all other means to avoid the injury except that of retreat, or killing the assailant. In this respect we think the otherwise excellent charge of the learned judge was abstractly erroneous.

But no exceptions were made by the defendant to the charge of the court when it was delivered to the jury, nor did the defendant request any additional instructions, or in any manner call the atten-

tion of the court to any defect or insufficiency in the charge at the time of the trial. In his motion for a new trial, however, the defendant assigns as gounds of his motion, that the court failed to charge all the law of the case; failed to charge the law of manslaughter; erred in charging the law of self-defense, etc. Whatever errors or defects there may be in the charge, they are not sufficient to cause a reversal of the conviction, unless they be of that character which, in our opinion, might have prejudiced the rights of the defendant upon the trial, the charge, as before stated, not having been excepted to on the trial. C. C. Pro. Art. 685; Bishop vs. The State, 43 Texas, 390.

We have carefully examined the evidence upon which the conviction in this case is based, and with reference to which the charge of the court was founded, and we are clear in our conclusion that there is no error in the charge of the court which could have resulted to the prejudice of the defendant. We think the charge of the court was more favorable than the evidence warranted. The evidence, as shown in the statement of facts, proved, beyond any reasonable doubt, that the homicide was murder in the first degree. There was no room for even a probability that it was manslaughter or even murder in the second degree. Nor was there any evidence raising or tending to raise the issue of self-defense. We think the learned judge had fully instructed the jury upon the law of the case, when he had explained to them the law of murder in the first degree. We would not have reversed the judgment if he had omitted entirely to charge upon murder in the second degree and self-defense, because in our opinion, the facts of the case as presented to us did not demand these charges. It was favorable to the defendant, however, that such charges were given, and he has no cause to complain that he has had advantages accorded to him in his trial which he was not strictly entitled to under the law.

We have found in the record no material error, and believing the conviction to be in due form of law and amply sustained by the evidence, and a just retribution for the deliberate murder committed by the defendant, the judgment is affirmed.